```
           IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION

AUTO-OWNERS INSURANCE COMPANY,   )
                                 )
     Plaintiff,                  )
                                 )
v.                               )    CIVIL ACTION FILE
                                 )    NO: 1:11-CV-02406-SCJ
DS WATERS OF AMERICA, INC.,      )
FONTIS WATER, INC., and          )
SMOKY MOUNTAIN WATER, INC.,      )
                                 )
     Defendants.                 )
```

**CONSENT PROTECTIVE ORDER**

Auto-Owners Insurance Company agrees to be bound by the terms of the Consent Order entered into by the parties in the related case <u>DS Waters of America, Inc. and Stillwater Asset-Backed Fund, LP v. Fontis Water, Inc. and Smoky Mountain Water, Inc.</u>, Civil Action File Number 1:10-CV-335 (SCJ), which was filed in that matter on November 30, 2010.  In the interest of continuity between the two cases, the parties agree to adopt the provisions of that consent order and advise the Court as follows:

(a)  the production by the Parties of certain documents and information that relate to the above-captioned case may be required in response to various interrogatories, requests for production, and questions propounded in depositions and other testimony in this action;

(b) the documents and certain information required to be produced may include sensitive personnel, financial and/or competitive information and materials that the producing party maintains are proprietary and/or confidential; and

Good cause having been shown within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and it appearing that the Parties in this action consent to entry of this Protective Order, **IT IS THEREFORE ORDERED:**

1. As used herein, the word "document" means: (a) all papers, documents, videotapes, audiotapes, printed and/or written materials (including any electronically stored information, as that term is used in Fed. R. Civ. P. 34(a)(1)(A)) produced or furnished by, or obtained by Plaintiff or Defendants; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto that relate to any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which relate to any such papers, document copies, extracts, or summaries, but not (e) any materials which in the good faith judgment of counsel are work product materials.

2. Material designated under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be referred to hereafter as "Protected Material."

3. "CONFIDENTIAL" information and documents shall include all discoverable materials and information related to one's personal affairs or business, the public dissemination of which could cause a financial hardship for the producer of the information or could place the producer at a competitive disadvantage.  Without limitation, examples of information that may properly be designated "CONFIDENTIAL" are sensitive personal or financial information about the Parties, research and development information, trade secrets of the Parties, or other commercial or proprietary information that is generally recognized as being subject to protection from public disclosure.  The Parties agree that information protected under this Order shall include any such information that is marked with the following legend: "CONFIDENTIAL."  Such confidential material shall be treated as such by the Parties to this litigation and shall be used exclusively in this action and for no other purpose.

4. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material may include, without limitation, non-public proprietary business

or personal information such as projections of future business, information concerning the development of the Parties' business, and other analogous, competitively sensitive information, provided that the Party or non-party claiming the status as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" reasonably and in good faith believes that the material contains information that, if disclosed to persons other than those authorized by this Protective Order to receive Protected Material classified "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," would reveal to the public or competitors information that could result in injury to the producing Party.  The Parties agree that information protected under this Order shall include any such information that is marked with the following legend: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such highly confidential material shall be treated as such by the Parties to this litigation and shall be used exclusively in this action and for no other purpose.

5. Protected Material shall not include those documents or information that were either: (a) in the public domain prior to production as evidenced by a written Document; or (b) disseminated, delivered, or distributed to the receiving

       party before the filing of the Complaint in this action without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of distribution.  These exclusions shall not apply to any documents or information that entered the public domain or were disseminated, delivered, or distributed to the receiving party in violation of applicable law or agreements.

6. Access to documents or information designated "CONFIDENTIAL," and copies thereof, or the information contained therein, shall be limited to the Parties, counsel of record (including partners, associates, and administrative personnel), experts, consultants, the Parties' in-house counsel, as well as related secretarial and paralegal assistants actively engaged on this proceeding.

7. Access to documents or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to counsel of record (including partners, associates, and administrative personnel), experts, consultants, the Parties' in-house counsel, as well as related secretarial and paralegal assistants actively engaged on this proceeding.

8. No Protected Material shall be disclosed to any person except as provided herein, unless either an order permitting declassification of the documents or information has been entered by the Court upon reasonable notice, or counsel expressly have agreed in writing.

9. Protected Material shall be used solely in connection with this proceeding and for no other purpose.

10. Solely for the purposes of this action, counsel may disclose Protected Material to persons who are consultants, independent expert witnesses or prospective independent expert witnesses in this action, and to independently retained persons required by counsel to furnish technical or expert services or to give expert opinion testimony with respect to the subject matter thereof for the trial of this action.  Counsel shall provide to each individual to whom disclosure is being made under this paragraph a copy of this Protective Order, and prior to disclosure being made, each such person shall agree to comply with and be bound by its terms unless and until modified by further order of this Court.

11. During the course of any deposition or court testimony, counsel for any party may designate the subject matter of

questions and testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Upon such designation, only the persons authorized by this Protective Order shall remain in attendance. The party who requested the deposition then shall serve a copy of this Consent Protective Order upon each officer reporting the deposition and each such officer shall acknowledge on the deposition record that s/he, his/her employees, and his/her agents shall be bound by the terms of this Protective Order. The deposition or court transcripts shall be marked such that the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" portions are clearly identified and those portions of the transcript may only be viewed by the individuals authorized by this Protective Order.

12. Nothing contained herein shall prevent counsel for a Party from presenting to the Court in pleadings, briefs, motions, responses, or other papers filed with the Court, or oral testimony, any of the documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder if use in this matter is necessary. Any documents or tangible things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that are submitted to

the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by Order of the Court in accordance with the following procedures. Counsel shall file the documents or tangible things in hard copy with the Clerk of Court.

13. Pursuant to the Court's Case Management Order, if a party has good cause to request sealing of material marked or identified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," said party, after notification to the opposing party, shall first present directly to chambers a sufficiently supported motion to file under seal.  The party shall also indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. Attached to the motion should be the material desired to be sealed.  The Court will then review the material *in camera* and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the Clerk of Court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then

the Court will contact the filing party for retrieval of the motion/materials and independent determination as to whether it wants to file the document without a seal.  A party who seeks to introduce protected information, documents, or tangible things at a hearing or during trial shall advise the Court at the time of introduction that the information, documents, or tangible things sought to be introduced are protected. The Court will review the information, documents, or tangible things in camera, and make an oral ruling. The Clerk will file any such documents or tangible things under seal.

14. No designated person, witness or counsel shall make any permanent copies of documents covered by this Protective Order, or information contained therein, for any use in their business or personal affairs or any other litigation or case and shall not use such information for any purpose, other than the preparation and conduct of the trial in the above-captioned lawsuit.

15. After the termination of this action, counsel shall collect all copies of all documents or deposition testimony covered by this Protective Order, including copies entrusted to any associates, assistants or employees of counsel, expert

witnesses, prospective expert witnesses, designated persons or to any other person to whom disclosure has been made pursuant to this Protective Order, and shall forthwith return the same to counsel for the producing party or shall certify the destruction of such documents at the option of the receiving party.

16. Except as set forth in Paragraph 12 above, nothing herein shall proscribe counsel, upon due notice and motion to the Court: (i) from seeking to challenge the designation of a document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or (ii) from seeking leave to disclose documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an individual or individual(s) to whom such disclosure is not otherwise permitted under the terms of this Protective Order.  The party designating the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must bear the burden of proof of demonstrating that the document is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and that the information contained therein should not be disclosed publicly for the reasons described in Paragraphs 3 or 4.

SO ORDERED this 14th day of December, 2012.


                                           s/Steve C. Jones
                                           HONORABLE STEVE C. JONES
                                           UNITED STATES DISTRICT JUDGE

CONSENTED AND AGREED TO BY:
                                           TALLEY, FRENCH & KENDALL, P.C.

                                           s/ Maureen E. Murphy
                                           Maureen E. Murphy
                                           Georgia Bar No. 530990

3152 Golf Ridge Boulevard
Suite 201
Douglasville, Georgia 30135
Telephone: (770) 577-3559
Facsimile: (770) 577-8113
Email: memurphy@bellsouth.net
                                         SEYFARTH SHAW LLP

                                         s/ Eric F. Barton
                                           Eric F. Barton
                                           Georgia Bar No. 040704

1075 Peachtree St., NE,
Suite 2500
Atlanta, Georgia 30309
Telephone: 404-885-1500
Facsimile: 404-892-7056
E-mail: ebarton@seyfarth.com
                                         JOYCE THRASHER
                                         KAISER & LISS, LLC

                                         s/ Kristofer R. Schleicher
                                         Kristofer R. Schleicher
                                         Georgia Bar No. 629327

Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
Telephone: 404-760-6000
Facsimile: 404-760-0225
Email: kschleicher@jktlaw.com